**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| YVETTE HARRIS | ) | |
| 19 Norwick Drive | ) | |
| Youngstown, OH 44505 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| ABSOLUTE COLLECTION SERVICE | ) | |
| 421 Fayetteville Street | ) | |
| Raleigh, NC 27601 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YVETTE HARRIS (Plaintiff), through her attorneys, KROHN & MOSS, LTD.,

alleges the following against Defendant, ABSOLUTE COLLECTION SERVICE (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Ohio, and therefore, personal jurisdiction is established.

5.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6.  Plaintiff is a natural person residing in Youngstown, Trumbull County, Ohio.

7.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a collection agency with a business office in Raleigh, North Carolina.

## FACTUAL ALLEGATIONS

10. Defendant communicates with Plaintiff seeking and demanding payment for an alleged debt (Reference #: 000070628243).

11. On February 4, 2009, Plaintiff faxed Defendant a cease and desist letter.

12. On February 4, 2009, Plaintiff faxed Defendant a notice of attorney representation letter.

13. Despite receiving Plaintiff's letters, Defendant communicated with Plaintiff after February 4, 2009, in an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

 a.  Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff even though Defendant knew Plaintiff was represented by an attorney.

 b.  Defendant violated *§1692c(c)* of the FDCPA by communicating with Plaintiff after Defendant received Plaintiff's cease and desist letter.

    c.   Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff, YVETTE HARRIS, respectfully requests judgment be entered against Defendant, ABSOLUTE COLLECTION SERVICE, for the following:

15. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

17. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, YVETTE HARRIS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: _/s/ Peter Cozmyk_____
Peter Cozmyk,
Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive
Suite 140
Independence, Ohio 44131
phone: (216) 901-0609
fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com

VERIFIED COMPLAINT                                                                 3

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, YVETTE HARRIS, states the following:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, YVETTE HARRIS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_5/27/2010_
Date

_Yvette Harris_
YVETTE HARRIS

VERIFIED COMPLAINT                                                        4